1291

Willie MOZIE, Employee, Respondent v. FRAZIER PULPWOOD, Employer, and Pacific Marine Insurance Company (erroneously cited as Transit Casualty Insurance Company), Carrier, Appellants.

(378 S. E. (2d) 61)

Court of Appeals

*Stanford E. Lacy,* Columbia, *for appellants.*

*Douglas N. Truslow,* Columbia, *for respondent.*

Heard Jan. 24, 1989.

Decided Feb. 21, 1989.

SHAW, Judge:

Frazier Pulpwood, employer, and Pacific Marine Insurance Company, carrier, appeal from a circuit court order affirming the Workers' Compensation Commission's determination of the average weekly wage of Willie Mozie, claimant. We affirm.

Mozie, an unskilled laborer with a limited ability to read and write, was injured and permanently disabled when a tree fell on him while cutting wood on behalf of Frazier Pulpwood. At the time of his injury, Mozie was engaged in the logging business as a producer and was working exclusively for Frazier Pulpwood. He was employed in this manner for approximately seven or eight months prior to

his injury. The commissioner found Mozie's average weekly wage was at least $483.42 and awarded Mozie a compensation rate of $268.99. The full commission and the circuit court affirmed the single commissioner.

The sole issue before this court is whether the commission erred in calculating Mozie's average weekly wage. We hold substantial evidence supports this finding and therefore affirm the determination of Mozie's average weekly wage.

In making the determination of Mozie's average weekly wages, the commissioner relied on § 42-1-40 South Carolina Code of Laws (1976). That section provides, in part:

> "Average weekly wages" means the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury ... divided by fifty-two ... When the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be allowed, so long as results fair and just to both parties will be obtained. Where, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impracticable to compute the average weekly wages ... regard is to be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.
>
> When for exceptional reasons the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

The appellants introduced a form 1099, an income statement sent to the IRS, which showed Mozie received the sum of $19,129.83 for the period of time in 1984 he was employed

by Frazier Pulpwood. Appellants also introduced purported tax returns of Mozie for 1983 and 1984 in an attempt to show low annual incomes in those years after deductions for business expenses. Mozie introduced statements of Frazier Pulpwood with handwritten calculations showing Mozie earned well in excess of the $19,129.83 in 1984. The commissioner rejected the tax return evidence noting the appellants were unable to corroborate that they were, indeed, Mozie's tax returns. The returns were not signed by Mozie and when questioned on the figures, Mozie repeatedly stated he did not know or could not answer. The commissioner noted the appellants never offered as a witness the preparer of the returns or records from the South Carolina Tax Commission, nor showed their unavailability. Finally, the commissioner found Frazier Pulpwood prepared and kept Mozie's records of wages and was in a position to present substantial evidence of wages had it been so inclined.

Based on the record, we find there is substantial evidence to support the commissioner's determination of Mozie's average weekly wage based on the provisions of § 42-1-40 South Carolina Code of Laws (1976).

Affirmed.

BELL and GOOLSBY, JJ., concur.